# THE ATTORNEY GENERAL
## OF TEXAS

December 30, 1986

JIM MATTOX
ATTORNEY GENERAL

Robert Bernstein, M.D.          Opinion No. JM-609
Commissioner
Texas Department of Health      Re: Whether a self-employed massage
1100 West 49th Street           therapy instructor who supervises
Austin, Texas   78756           more than two apprentices conducts a
                                massage therapy school for purposes
                                of article 4512k, V.T.C.S., and
                                related questions

Dear Dr. Bernstein:

You have asked two questions concerning the Texas Department of Health's authority to regulate massage therapists. You first ask whether article 4512k, V.T.C.S., authorizes the Texas Department of Health to enact a rule requiring a massage therapy instructor, who is self-employed and supervises more than two apprentices, to comply with the department's requirements for a massage therapy school. Those requirements are:

> §141.9 MASSAGE THERAPY SCHOOLS RECOGNIZED BY THE DEPARTMENT.
>
> (a) Purpose. This section sets forth the guidelines by which a massage therapy school may be recognized by the department.
>
> (b) General. After January 1, 1986, the department shall recognize only those establishments or organizations which meet the following criteria as a massage therapy school:
>
> (1) Minimum standards for operation.
>
> (A) Each school shall designate one person as the director of the school who is responsible for the school program and curriculum, the organization of classes, the maintenance of the school facilities, the maintenance of proper administrative records, and all other procedures related to the administration of the school.

(B). All instructors of Swedish massage therapy technique in a recognized massage therapy school shall meet the definition of a massage therapy instructor as defined in §141.2 of this title (relating to Definitions).

(C) A recognized massage therapy school shall have written admission requirements, tuition and fee schedules, a refund policy, a student conduct policy, conditions for dismissal and re-entrance, attendance requirements, curriculum and course requirements which shall be made available to every apprentice/student and prospective apprentice/student before registration.

(D) Each recognized massage therapy school shall keep on file and available for inspection by the department the following:

(i) applications of apprentices/students;

(ii) attendance records;

(iii) log of apprentice/student hours; and

(iv) academic records which relate to grades.

(E) A recognized massage therapy school shall offer as a minimum the curriculum requirements as set forth in §141.5 of this title (relating to Registration Requirements).

25 T.A.C. §141.9 (1986).

Article 4512k, V.T.C.S., provides in part:

Sec. 1. In this Act:

. . . .

(2) 'Massage therapist' means an individual who practices or administers massage therapy to a patron of either gender for compensation. The term includes a therapeutic massage practitioner, massaginist, massage technician, masseur, masseuse, myo-therapist, or any derivation of those titles.

. . . .

(4) 'Massage establishment' means any place of business in which massage therapy is practiced by a massage therapist.

Registration Requirements

Sec. 2 (a) . . . .

(b) An individual who registers under this Act must present evidence satisfactory to the board that the person:

(1) has satisfactorily completed massage therapy studies in a 250 hour, <u>supervised course of instruction provided by a massage therapy instructor, by a massage therapy school recognized by the department, by a state approved educational institution, or by any combination of instructors or schools</u>, in which 125 hours are dedicated to the study of Swedish massage therapy techniques, 50 hours to the study of anatomy, 25 hours to the study of physiology, 25 hours to the study of hydrotherapy, five hours to the study of business practices and professional ethics standards, and 20 hours to the study of health and hygiene;

(2) is registered as a massage therapist in another state or country that has and maintains standards and requirements of practice and licensing or registration that substantially conform to those of this state, as determined by the department; or

(3) has practiced massage therapy as a profession for not less than five years in another state or country that does not have or maintain standards and requirements of practice and licensing or registration that substantially conform to those of this state, as determined by the department. (Emphasis added).

It is clear that sections 1(2) and 2(b)(1) do not specifically require a massage therapy instructor to comply with the department's requirements for a massage therapy school, but the legislature has provided that the department, through the Board of Health, may adopt rules consistent with article 4512k which are necessary for the performance of its duties under the statute. V.T.C.S. art. 4512k, §7(a).

Dr. Robert Bernstein - Page 4 (JM-609)

A rule promulgated by the department must be reasonable and within the ambit of the statutory requirements. See, e.g., Gerst v. Oak Cliff Savings & Loan Association, 432 S.W.2d 702 (Tex. 1968); State Board of Insurance v. Deffebach, 631 S.W.2d 794, 798 (Tex. Civ. App. - Austin 1982, writ ref'd n.r.e.). Section 2(b)(1) of article 4512k authorizes the department to "recognize" massage therapy schools. The board has adopted regulations setting forth guidelines by which these schools may be recognized (registered) by the department. See 25 T.A.C. §141.9. These regulations, which became effective beginning January 1, 1986, set minimum standards for the administration and operation of these schools. Id. But these regulations do not make provisions governing self-employed massage therapy instructors who teach two or more apprentices.

Section 1(3) of article 4512k specifies that one of the requirements of becoming a massage therapy instructor is to instruct one or more apprentices in massage therapy. The statute does not specify whether the instructor must teach at a school or an establishment. It is reasonable to assume that a self-employed massage therapist may teach one or more apprentices. A rule requiring the self-employed instructor who is teaching more than two apprentices to comply with the department's requirements for a massage therapy school would foreclose an option explicitly provided by the legislature. V.T.C.S. art. 4512k, §2(b)(1). Section 2(b)(1) provides that a person seeking registration by the board may receive all his instruction through a school recognized by the department or by a "combination of instructors or schools." Id. Accordingly, we conclude that such a rule promulgated by the department would be inconsistent with its statutory authority. See, e.g., Bexar County Bail Bond Board v. Deckard, 604 S.W.2d 214 (Tex. Civ. App. - San Antonio 1980, no writ).

You also ask whether the department may promulgate a rule requiring each massage establishment to include on all forms of advertising the name of the establishment as it appears on the registration certificate, and the state registration number of each massage therapist practicing in the establishment. The legislature has enacted section 5 of article 4512k, V.T.C.S., which provides:

> Sec. 5. (a) Each massage establishment must post in plain sight the certificate of registra-tion of each massage therapist who practices in the massage establishment.
>
> (b) A person who is not registered under this Act may not use the word 'massage' on any sign or other form of advertising. (Emphasis added).

The United States Supreme Court has held that statutes and regulations requiring mandatory disclosure of certain facts must be reasonably related to the state's interest in preventing deception of consumers. Zauderer v. Office of Disciplinary Counsel of the Supreme

p. 2722

Court of Ohio, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). A statute or regulation which imposes unjustified or unduly burdensome disclosure requirements might offend the First Amendment by chilling protected commercial speech. Id. We believe that section 5 is rationally related to the legislative purpose of preventing the deception of consumers seeking this type of service. See Bill Analysis to H.B. No. 2012, prepared for House Committee on Business and Commerce, filed in Bill File to H.B. No. 2012, Legislative Reference Library.

Section 5 does not explicitly provide that this information be placed in all forms of advertising about a massage establishment. We believe that the legislature intended, by enacting section 5, to grant the department implicit authority to regulate the advertising of massage establishments. A rule, however, requiring that each massage establishment include in all forms of advertising, the name as it appears on the registration certificate, and the state registration number of each massage therapist practicing in the establishment may be unreasonable. See Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio, supra; cf. State Board of Insurance v. Deffebach, 631 S.W.2d 794 (Tex. Civ. App. – Austin 1982, writ ref'd n.r.e.) (regulation must be reasonable and within the statutory authority). You have not submitted any proposed rule or specified the kinds of advertising you have in mind, and as a result, we do not reach specific examples.

## SUMMARY

The Texas Department of Health is not authorized under article 4512k, V.T.C.S., to promulgate a rule requiring a massage therapy instructor, who is self-employed and teaches more than two apprentices, to comply with its requirements for a massage therapy school.

The department is not authorized under sections 5 and 7(a) of article 4512k, V.T.C.S., to promulgate a rule requiring each massage establishment to include in all forms of advertising, the name as it appears on the registration certificate, and the state registration number of each massage therapist practicing in the establishment, but it is empowered to reasonably regulate advertising.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General